UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| STEVE C LOPEZ, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:18-CV-201 |
| | § | |
| BANK OF AMERICA, N.A., | § | |
| SUCCESSOR IN INTEREST TO | § | |
| COUNTRYWIDE MORTGAGE, | § | |
| | § | |
| Defendant. | § | |

## ORDER

Plaintiff Steve C. Lopez (Lopez) originally filed this action in the County Court at Law No. 4, Nueces County, Texas. He sues Defendant Bank of America, N.A. as Successor in Interest to Countrywide Mortgage (BANA), alleging a breach of a confidential settlement agreement entered into in connection with prior litigation between the parties. Pursuant to that settlement agreement, he claims that title to residential real estate at 14317 Dorsal Street in Corpus Christi, Texas was quieted in his name. Lopez now alleges that BANA foreclosed a lien it did not have on the property on November 3, 2015 (after the confidential settlement) using documents in the name of Thomas Lopez and then sold the property to BKB Enterprises, LLC on or about July 21, 2016. He also alleges a claim under the Texas Theft Liability Act (TLA). D.E. 1-2.

BANA timely removed the case to this Court pursuant to diversity jurisdiction, 28 U.S.C. § 1332. Before the Court is BANA's Motion to Dismiss (D.E. 5) and Lopez's response (D.E. 6). BANA argues that Lopez's claims are the same as the claims he made

in previous litigation in this Court, *Lopez v. Countrywide Mortgage*, No. 2:06-cv-00116, and that they are barred by res judicata and the statute of limitations. BANA also argues that Lopez has not pled sufficient facts to support all of the elements of his claims such that dismissal is proper under Federal Rule of Civil Procedure 12(b)(6). For the reasons set out below, the Court DENIES the motion to dismiss (D.E. 5).

## STANDARD OF REVIEW

Defendant seeks dismissal of this case under Federal Rule of Civil Procedure 12(b)(6), arguing that the complaint (D.E. 1-2) fails to state a claim upon which relief can be granted. The test of pleadings under Rule 12(b)(6) is devised to balance a party's right to redress against the interests of all parties and the court in minimizing expenditure of time, money, and resources. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007). In *Twombly*, the Supreme Court retired the old test stated in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), that a complaint would not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Twombly*, 550 U.S. at 577 (quoting *Conley, supra*). The revised standard for determining whether a complaint states a cognizable claim has been outlined by the United States Supreme Court in *Twombly, supra* and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Furthermore, "Pleadings must be construed so as to do justice." Fed. R. Civ. P. 8(e). The requirement that the pleader show that he is entitled to relief requires "more than labels and conclusions[;] a formulaic

recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

Factual allegations are required, sufficient to raise the entitlement to relief above the level of mere speculation. *Twombly*, 550 U.S. at 555. Those factual allegations must then be taken as true, even if doubtful. *Id*. In other words, the pleader must make allegations that take the claim from conclusory to factual and beyond possible to plausible. *Id*. at 557. The *Twombly* Court stated, "[W]e do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id*. at 570.

The Supreme Court, elaborating on *Twombly*, stated, "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. In dismissing the claim in *Iqbal*, the Supreme Court stated, "It is the conclusory nature of respondent's allegations, rather than their extravagantly fanciful nature, that disentitles them to the presumption of truth." *Id*. at 681.

A motion to dismiss for failure to state a claim upon which relief can be granted can be based not only on a plaintiff's claims but on matters that support an affirmative defense, such as limitations. Even if some allegations support a claim, if other allegations negate the claim on its face, then the pleading does not survive the 12(b)(6) review.

> A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief. If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim; that does not make the statute of limitations any less an affirmative defense, see Fed. Rule Civ. Proc. 8(c). Whether a particular ground for opposing a claim may be the basis for dismissal for failure to state a claim depends on whether the allegations in the complaint suffice to establish that ground, not on the nature of the ground in the abstract.

*Jones v. Bock*, 549 U.S. 199, 215 (2007).

In a Federal Rule of Civil Procedure 12(b)(6) context, the court construes the facts alleged in the complaint as true. The court may also consider: (a) documents attached to the complaint or identified as central to the claims made therein; (b) documents attached to the motion to dismiss that are referenced in the complaint; and (c) documents that are subject to judicial notice as public record. *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000).

## DISCUSSION

**A. Res Judicata Does Not Bar the Claims on This Record.**

While the settlement agreement has not been submitted for this Court's review, the prior action that the agreement settled was dismissed on March 31, 2010. D.E. 5-4. Lopez's claims relate to conduct that allegedly took place in 2015 and 2016—conduct that could not have been included in the prior 2010 settlement. While BANA may be contending that any conduct Lopez complains of actually relates back to pre-settlement

issues, the standard of review on a Rule 12(b)(6) motion to dismiss requires that the Court take Lopez's allegations as true. *Twombly*, 550 U.S. at 555.

BANA premises its motion on the allegations on the face of the 2006 lawsuit and its dismissal with prejudice. The 2010 dismissal cannot have adjudicated claims that did not arise until 2015 or thereafter. Thus an analysis based only on the face of the pleadings and judgment does not reach to the conduct complained of. If there are terms of the prior settlement that govern the disposition of the current claims, BANA's failure to produce the settlement for this Court's consideration prevents disposition based on res judicata. Lopez claims that the conduct breaches the prior settlement. Res judicata does not require the dismissal of the claim at this stage of the proceedings or on this record.

### B. Four-Year Statutes of Limitations Do Not Bar the Claim Pled.

Likewise, so long as the conduct complained of occurred in or after 2015, the four-year statute on which BANA bases its contractual limitations argument does not bar this action, which was filed on June 13, 2018. BANA suggests that Lopez has pled only that he discovered the foreclosure on November 3, 2015, but that it took place on October 4, 2005. D.E. 5, p. 10. That argument is not supported by the pleading, which recites, "Lopez discovered that defendant BOA foreclosed on the subject property on November 3, 2015." D.E. 1-2. Construing the plain language in Lopez's favor and confirming it with his response, Lopez is alleging that the foreclosure occurred on November 3, 2015, not that he discovered the prior foreclosure on November 3, 2015. D.E. 6, ¶ 4. He specifically claims that there was a second foreclosure. The four-year contractual limitations period does not compel dismissal on this record.

For the same reason, the four-year statute of limitations applicable to the Texas Theft Liability Act (TLA) does not bar this action. While BANA argues, "Plaintiff's TLA claim is undoubtedly based on the October 4, 2005 foreclosure sale," the Court is precluded from making such an assumption contrary to a plaintiff's allegations on a Rule 12 motion to dismiss. *See Twombly*, 550 U.S. at 555. Under the standard of review, the Court must accept that the alleged theft took place in 2015 or 2016 by a second foreclosure and a later sale of Lopez's property without his consent. The four-year limitations period applicable to TLA claims does not bar this action.

**C. Fact Pleadings Support the Breach of Contract Claims.**

BANA argues that Lopez has not stated a breach of contract claim because he has not pled all of the elements. However, his claim is that he entered into a settlement agreement with BANA that gave him title to the property, free and clear of all liens. That is the relevant contract and the consideration owed to him. He then claims that BANA breached that settlement agreement by holding a 2015 foreclosure sale based on documents in the name of Thomas Lopez (rather than in his name, Steven C. Lopez), representing that it had a lien on the Dorsal Street property, foreclosing that lien, and selling the property to a third party. Because his title to the property has been interfered with and he has been deprived of his ownership interest in the Dorsal Street property, he claims causation of damages.

Lopez has pled all of the necessary elements of a breach of contract claim. *See Snyder v. Eanes Indep. Sch. Dist.*, 860 S.W.2d 692, 695 (Tex. App.—Austin 1993, writ denied) (requiring identification of a contract, breach, and damages). Any suggestion

that Lopez failed to perform his part of the contract is a matter that may be addressed on the merits. But in the absence of evidence and adjudicating the issue only on the pleading, Lopez has alleged a claim that is factual rather than conclusory and plausible rather than possible. *Twombly*, 550 U.S. at 557.

**D. Fact Pleadings Support the Theft Liability Act Claim.**

As applied to this case involving real estate, the elements of a TLA claim are: (1) the plaintiff had a possessory right to the property; (2) the defendant unlawfully appropriated, secured, or stole the property (without the plaintiff's consent); (3) the unlawful taking was made with the intent to deprive the plaintiff of the property; and (4) the plaintiff sustained damages as a result of the theft. Tex. Civ. Prac. & Rem. Code 134.001, et seq.; Tex. Penal Code § 31.03.

According to his pleadings, the confidential settlement agreement granted to Lopez title to the Dorsal Street property free and clear of all liens. He thus had a possessory right. BANA allegedly foreclosed on the property without right or proper documentation, taking possession of the property. Then BANA allegedly sold the property to a third person, evidencing the intent to deprive Lopez of the property. Because Lopez has lost the property, he has suffered damages. The pleadings are sufficient to allege a TLA claim.

BANA's injection of pleadings from prior litigation cannot change this result under the standard of review. The Court is not free to construe Lopez's pleadings in a manner contrary to their facial language. BANA will have the opportunity to demonstrate whether it had a right to the property, whether there was a second

foreclosure, and whether any action it took violated the prior settlement agreement. But in a Rule 12 proceeding without either party producing the settlement agreement that is referenced in the pleading, dismissal is not appropriate.

## CONCLUSION

For the reasons set out above, the Court DENIES the motion to dismiss (D.E. 5).

ORDERED this 17th day of September, 2018.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE